# CIRCUIT COURT OF FAIRFAX COUNTY

Cynthia L. Tianti

v.

David M. Rohrer

August 14, 2015

Case No. CL-2015-10127

By Judge Daniel E. Ortiz

This case came before the Court on Appellee's Motion To Seal the Record. The Court heard oral argument on the Motion on August 7, 2015. After hearing legal argument in the open courtroom, the Court closed the courtroom and reviewed the record submitted to the Court pursuant to Virginia Code § 15.2-1507(A)(9)(a). As a result of this review, the Court made certain factual findings resulting in the Court's sealing part of the record as protected by the attorney-client privilege and work product doctrine. The Court ordered the remaining parts of the record not classified as privileged or work product to remain open. The Court took the matter under advisement and invited supplemental briefs to be filed by August 13, 2015. For the reasons set forth below, Appellee's Motion is granted in part and denied in part. An order will be entered by the Court detailing which parts of the record will be sealed and which parts will remain open for the public. This order will remain under seal.

## I. *Factual Background*

The merits of this case involve an appeal of Fairfax County's determination that the employment complaint filed by Cynthia Tianti ("Appellant") was not a greivable complaint under Virginia Code § 15.2-1507. Deputy County Executive David M. Rohrer ("Appellee") is the representative of the County who is charged with making grievability determinations by statute. Once Appellant filed this appeal, the County was required by § 15.2-1507(A)(9)

(a) to transmit to the circuit court the record in the case, which includes "a copy of the decision of the chief administrative officer, a copy of the notice of appeal, and the exhibits." Va. Code § 15.2-1507(A)(9)(a). The record was duly transmitted to the Court in compliance with the statute, and it is this record that Appellee seeks to seal. Upon receipt of the record and at the request of the Appellee, this Court temporarily sealed the record to allow the parties to assert arguments in support of and against sealing the record.

## II. *Arguments*

Appellee argues that three principles of law mandate the sealing of the record in this case. First, Appellee states that large parts of the record contain communications between the County Attorney's office and various county employees, which are protected by the attorney-client privilege and work product doctrine. Second, Appellee argues that sealing the record is justified because the documents are exempt from disclosure under the Virginia Freedom of Information Act, Virginia Code § 2.2-3700 *et seq.* ("VFOIA"). Finally, Appellee notes that, while Appellant seeks to have the record made public, her position as County Attorney means that she has an ethical duty under the Virginia Rules of Professional Conduct not to prejudice her client and not to divulge confidential information, duties that she is violating by seeking disclosure.

Appellant argues that Appellee has failed to meet his burden to rebut the presumption of openness in judicial records. Appellant notes that much of the record that Appellee seeks to seal does not include any privileged communications and that those that may be subject to a claim of privilege, nonetheless, are not subject to a privilege that can be asserted by Appellee. Appellant also asserts that VFOIA does not dictate that documents subject to its exceptions are also subject to an absolute claim of confidentiality.

## III. *Standard of Review*

The Court's analysis begins with Virginia Code § 17.1-208. That code provision states that, "[e]xcept as otherwise provided by law, any records that are maintained by the clerk of the circuit court shall be open to inspection by any person." Va. Code § 17.1-208. The Supreme Court of Virginia opined on the applicability of this code section to civil cases in *Shenandoah Publishing House, Inc. v. Fanning,* 235 Va. 253, 368 S.E.2d 253 (1988). In that civil case, the circuit court entered protective orders sealing discovery, pleadings, and all of the records in a wrongful death action, including the final order detailing the compromise settlement between the parties. 235 Va. at 255-56. The Supreme Court held that the trial court erred in sealing the so-called "judicial records" of the case, *i.e.,* the pleadings, exhibits, and motions filed by the parties as well as the orders of the Court, including the order memorializing the settlement. *Id.* at 260.

The *Shenandoah* Court held that the trial court did not err in sealing what the Court referred to as "pretrial documents," such as the discovery of the case. The Court held that "discovery rarely takes place in public," and that the public has less of an interest in these pretrial documents than it does in the other documents, such as pleadings and orders. *See Shenandoah*, 235 Va. at 260-62. In the present case, however, the record that Appellee seeks to have sealed can be more firmly categorized as "judicial records" because the record includes the evidence and exhibits of the case. *See* Va. Code § 15.2-1507(A)(9)(a) (stating that the record that must be forwarded to the circuit court should contain "a copy of the decision of the chief administrative officer, a copy of the notice of appeal, and the exhibits"). Thus, the discovery portion of the *Shenandoah* opinion does not apply here.

In doing so, the Court set forth the standard of review governing a court's decision to seal the record of a civil case, holding that:

> subject to statutory exceptions, a rebuttable presumption of public access applies in civil proceedings to judicial records as we have defined that term. . . . [T]o overcome that presumption, the moving party must bear the burden of establishing an interest so compelling that it cannot be protected reasonably by some measure other than a protective order, and that any such order must be drafted in the manner least restrictive of the public's interest.

*Id.* at 258-59.

## IV. *Analysis*

### A. *Attorney-Client Privilege and Work Product*

At the August 7th hearing, the Court found certain documents were protected by the attorney-client privilege. The Court finds the applicability of an attorney-client privilege for these documents to be a sufficiently compelling interest such that they should remain under seal.

While no Virginia court has directly addressed this issue, multiple federal circuits have found the existence of a fully preserved attorney-client privilege to override the interest in openness for judicial records. The most forceful expression of this principle is found in the First Circuit's decision in *Siedle v. Putnam Investments, Inc.*, 147 F.3d 7 (1st Cir. 1998). In that case, the District Court for the District of Massachusetts faced the decision as to whether to seal all of the filings in an action brought by an attorney against his former client. In reversing the District Court's order to unseal the record, the First Circuit found that the attorney-client privilege was implicated in the records unsealed by the trial court. The First Circuit then stated:

> The critical role that attorney-client privilege plays in facilitating the administration of justice is beyond question, and we need not wax longiloquent in its defense. Suffice to say that the interest in preserving a durable barrier against disclosure of privileged attorney-client information is shared both by particular litigants and by the public, and it is an interest of considerable magnitude. *Indeed, this is precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records.*

147 F.3d at 11 (emphasis added). The First Circuit eventually held that the client's claim of privilege was not rebutted at trial; thus, the privilege, sufficiently established, outweighed the presumption of openness. *Id.* at 12. Other federal circuit case law cited by *Siedle* provides additional support for this proposition. *See, e.g., Crystal Grower's Corp. v. Dobbins,* 616 F.2d 458, 461-62 (10th Cir. 1980) ("Plaintiffs have a significant interest in preventing public disclosure of the documents at issue in this case. . . . [D]isclosure of the contents of communications between themselves and their attorneys and of reports prepared by their attorneys would effectively nullify their claim of privilege without a hearing on the merits. . . . The coincidence of the public's and plaintiffs' interest in preserving the attorney-client privilege and the work product doctrine here outweighs the more general public interest in information about disputes in the public courts."); *cf. In re Continental Illinois Sec. Litigation,* 732 F.2d 1302 (7th Cir. 1984) (holding that an assertion of privilege is a compelling interest against disclosure, although finding that privilege held less weight in that particular case because absolute confidentiality had not been maintained over the information).

These cases lead to the conclusion that the federal circuits are in general agreement that the attorney-client privilege is a sufficient interest to outweigh the public's interest in the openness of judicial records.

The Court takes note that these federal cases were analyzed using a First Amendment test with respect to the public's interest in the openness of judicial records. This is somewhat different from the case here, where the Court must analyze the sealing issue under a Virginia statute, namely § 17.1-208. However, this is a distinction without a difference, as the Supreme Court of Virginia adopted the First Amendment test used by the circuits in the above cases when determining the analysis under § 17.1-208. *See Shenandoah,* 235 Va. at 258-59 (citing federal cases in establishing the presumption of openness). As a result, this Court finds these cases persuasive.

The Court finds these cases persuasive and holds that Appellee has adequately rebutted the *Shenandoah* presumption of public access by establishing privilege over certain documents in the record.

The Court further holds that the work product doctrine is also a compelling interest that justifies disclosure, as the work product doctrine is "closely related to the attorney client privilege." *Commonwealth v. Edwards*, 235 Va. 499, 510, 370 S.E.2d 296 (1988). This Court is of the opinion that the work product doctrine also provides a persuasive rebuttal to the presumption of openness. Accordingly, the Court will seal documents contained in the file that contain material protected by the attorney-client privilege and work product doctrine.

B. *Virginia Freedom of Information Act*

Appellee further cites the Virginia Freedom of Information Act, Virginia Code § 2.2-3700 *et seq.*, in support of his Motion. Appellee reasons that because the documents are protected from disclosure under specific exceptions to VFOIA, that statute provides further justification to protect the documents from disclosure in the present case. Appellee cites four main exemptions to FOIA's provision for public access to government files: (1) the exemption for documents relating to legal advice provided to a governmental entity, *see* Va. Code § 2.2-3705.1(2); (2) attorney work product prepared for a governmental entity, *see id.* § 2.2-3705.1(3); (3) records relating to a closed government meeting, *see id.* § 2.2-3705.1(5); and (4) records relating to a criminal investigation, *see id.* § 2.2-3706(A) (2).

Appellee's citation to VFOIA is misplaced, however, because that statute relates to a set of records entirely separate from the records at issue here. VFOIA, a statute designed to ensure the public certain access to *government records*, does not provide a compelling interest sufficient to rebut the presumption of openness attached to *judicial records*. This distinction is embodied in Virginia Code § 2.2-3703.1, which states:

> Nothing contained in this chapter shall have any bearing upon disclosures required to be made pursuant to any court order or subpoena. *No discretionary exemption from mandatory disclosure shall be construed to make records covered by such discretionary exemption privileged under the rules of discovery, unless disclosure is otherwise prohibited by law.*

Va. Code § 2.2-3703.1 (emphasis added).

Federal courts have interpreted this distinction to mean that the federal Freedom of Information Act cannot represent a compelling interest that rebuts the presumption of public access to judicial records. For example, the Ninth Circuit rejected such an argument in *Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), stating:

> [It does not] suffice to show . . . that a [judicial record] merits sealing because it would be exempt from disclosure under the

> [federal] Freedom of Information Act. Such exempt documents are not automatically privileged in civil discovery. It is unsound to equate the FOIA exemptions and similar discovery privileges because the two schemes serve different purposes. FOIA is a statutory scheme directed to regulating the public access to documents held by the federal government; the public's "need" for a document is unrelated to whether it will be disclosed. By contrast, the public right of access to court documents is grounded on principles related to the public's right and need to access court proceedings. Thus, we will not import wholesale FOIA exemptions as new categories of documents traditionally kept secret under [federal precedent].

*Kamakana v. City & County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) (citations omitted). As evidenced by Virginia Code § 2.2-3703.1, this distinction is similarly apparent with respect to VFOIA. The statutory scheme set forth in § 2.2-3700 *et seq.* provides for a complicated scheme to determine whether a government record will be accessible to the public. It does not, however, provide a cohesive public policy against openness. Furthermore, VFOIA was not intended to govern substantive procedural principles in litigation. Put simply, the intent behind VFOIA is not sufficiently consistent with the stated purpose of Virginia Code § 17.1-208 to constitute a compelling interest that could rebut the presumption of openness for judicial records. For these reasons, the Court will deny the Motion as it relates to VFOIA.

## C. *Appellant's Ethical Duties under the Virginia Rules of Professional Conduct*

Appellee finally argues that a sealing of the record is merited because Appellant has ethical duties under the Virginia Rules of Professional Conduct that would be potentially violated if Appellant successfully sought disclosure. Appellee specifically cites to Appellant's duty not to prejudice her client, in this case, the County, and not to divulge confidential information related to her representation of her client. *See* Va. Rules of Prof'l Conduct, Rules 1.3 and 1.6.

While the Court has found that certain documents within the record are protected by the attorney-client privilege, and thus are arguably subject to Appellant's ethical duties under Rules 1.3 and 1.6, the Court declines to use the Rules of Professional Conduct as a procedural sword to seal the record. The Preamble to the Virginia Rules of Professional Conduct specifically cautions against such a use of the rules, stating that:

> the purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons. The fact

that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule. Accordingly, nothing in the Rules should be deemed to augment any substantive legal duty of lawyers or the extra-disciplinary consequences of violating such a duty.

Va. Rules of Prof'l Conduct, Preamble. The sealing of the record in this case based on an ethical violation would be the kind of "extra-disciplinary consequence" that the Preamble states is an inappropriate use of the Rules. Accordingly, this Court will not base its ruling on this Motion on Appellant's potential violation of her ethical duties.

## V. *Conclusion*

For the reasons set forth above, the Court rules that the record will be sealed to the extent that includes communications that are protected by the attorney-client and work product doctrine. The Court declines to seal the file based on VFOIA and Appellant's ethical duties under the Virginia Rules of Professional Conduct. The Court made oral rulings as to which of the documents in the record are subject to either an attorney-client privilege or the work product doctrine.